# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHAQUILA RENEE JOHNSON,**

          **Plaintiff,**

      v.                                   Case No. 26-CV-136

**FRANK J BISIGNANO,**
**Commissioner of Social Security,**

          **Defendant.**

## DECISION AND ORDER

Shaquila Renee Johnson recently filed a complaint against the Commissioner of the Social Security Administration. (ECF No. 1.) Accompanying Johnson's complaint was a Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Johnson's request, the court concludes that Johnson lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Johnson's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) will be **granted**.

However, because the court is granting Johnson's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

I.   **Legal Standard**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. Analysis

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

It appears that Johnson was the recipient of overpayments by the Social Security Administration. As detailed in her complaint, "payments were asked to be stopped but never did." (ECF No. 1 at 3.) She is explicit that the overpayment was not her fault, and she alleges that she is not able to repay any of the money back. (ECF No. 1 at 3.) Seperately, she appears to dispute her disability status as determined by the Social Security Administration. (ECF No. 1 at 3) ("I am fully disabled and a disabled worker.").

If the Social Security Administration overpays disability benefits to an individual, the overpaid individual must generally return the overpayment. *See* 42 U.S.C. § 404. However, overpaid individuals may be able to obtain a waiver of this repayment obligation under certain circumstances. 42 U.S.C. § 404(b). First, the individual must demonstrate that they were not at fault for the overpayment. 42 U.S.C. § 404(b); *Banuelos v. Apfel*, 165 F.3d 1166, 1169-70 (7th Cir. 1999). Second, the individual must demonstrate that requiring them to repay the overpayment would defeat the purposes of the Act or be against equity and good conscience. 42 U.S.C. § 404(b); *Banuelos*, 165 F.3d at 1169-70. "[T]he individual bears the burden of establishing that [they have] met the requirements of section 404(b) of the Social Security Act." *Banuelos*, 165 F.3d at 1170.

Johnson's complaint, although sparse, states enough to give the Commissioner "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. She has provided short and plain statements that allow the court to reasonably infer a cognizable federal claim exists. Accordingly, the court concludes

4

that at this time Johnson's complaint is not subject to dismissal under 28 U.S.C. § 1915(e)(2). Therefore, the Clerk shall serve the Commissioner.

This matter shall proceed in accordance with the schedule set forth in the briefing letter the Clerk of Court shall issue promptly.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 2nd day of February, 2026.

BYRON B. CONWAY<br>
United States District Judge